UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DERRICK REESE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-128-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Derrick Reese is an inmate confined by the Bureau of Prisons ("BOP") at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Reese has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the 188-month federal sentence he is currently serving. [Record No. 1] Reese has paid the $5.00 filing fee. [Record No. 6]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b))  The Court evaluates Reese's § 2241 petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199

(2007) Thus, at this stage of the proceedings, the Court accepts Reese's factual allegations as true and liberally construes his legal claims in his favor. However, for the reasons discussed below, Reese's § 2241 petition will be denied.

**I.**

On August 20, 2009, Reese pleaded guilty in a Georgia federal court to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). *United States v. Derrick Reese*, No. 6:09-CR-35-LGW-GRS-3 (S.D. Ga., 2009) [R. 36, therein]  The district court determined that Reese was a career offender, and on November 23, 2009, sentenced him to a 188-month prison term. [R. 47, therein]  Reese attempted to file a belated appeal, but the government moved to dismiss that appeal as untimely. The United States Court of Appeals for the Eleventh Circuit granted the government's motion to dismiss. [R. 70, therein; *see also United States v Derrick Reese*, No. 11-10671 (11th Cir. July 11 2011)]

On May 26, 2011, while his appeal (No. 10671) was pending, Reese filed a motion to set aside his sentence under 28 U.S.C. § 2255. [R. 67, therein][1]  Reese claimed that he had received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. More specifically, Reese claimed that: (i) his attorney failed to file a direct appeal despite his instruction to do so; (ii) his counsel misled him into believing that an appeal had been filed; and (iii) he did not discover that an appeal had not been filed until October 12, 2010, when the Clerk of the district court informed him that a notice of appeal had not been filed. [R. 67, therein]

---

[1] The district court also docketed Reese's first § 2255 motion as a separate civil proceeding. *See Derrick Reese v. United States*, No. 6:11-CV-57-BAE-GRS (S.D. Ga. 2011). The dates of the docket entries in the civil action correspond to dates of the docket entries in the criminal proceeding.

The government moved to dismiss Reese's § 2255 motion as untimely, based on 28 U.S.C. § 2255(f)(1) and (4). [R. 74, therein]  On January 9, 2012, the United States Magistrate Judge assigned to the matter issued a Report and Recommendation ("R & R") concluding that Reese's § 2255 motion should be dismissed as untimely. [R. 85, therein; *see Reese v. United States*, No. CR609-035, 2012 WL 70680 (S.D. Ga. Jan. 9. 2012]. Reese filed objections; however, on February 27, 2012, the district court overruled Reese's objections, adopted the R & R; dismissed the § 2255 motion as time-barred; and denied Reese *in forma pauperis* status on appeal. [R. 88; Judgment, R. 89, therein]. Reese appealed, but the Eleventh Circuit denied a Certificate of Appealability. [R. 93, therein; *see United States v. Derrick Reese*, No. 12-11500 (11th Cir. July 30, 2012)]

On December 22, 2014, Reese filed another challenge to his conviction, but labeled his pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241. [R. 96, therein]. On January 22, 2015, the Magistrate Judge assigned to the matter issued an R & R, concluding that Reese's filing was a disguised second and successive § 2255 motion. The Magistrate Judge further noted that Reese: (i) had not obtained appellate permission to file a second § 2255 motion; and (ii) had not alleged grounds entitling him to relief under the savings clause of § 2255 and § 2241. As a result, the Magistrate Judge recommended that Reese's construed second and successive § 2255 motion should be denied. [R. 98, therein]

On February 13, 2015, the district court adopted the R & R and denied Reese's construed, successive § 2255 motion. [R. 101; Judgment, R. 102, therein][2]  Reese again

---

[2] On February 17, 2015, *after* the Magistrate Judge had issued his January 22, 2015, R & R, but *before* the district court had ruled on it, Reese filed his third, successive § 2255 motion, which was docketed as a

-3-

appealed [R. 103, therein], but the Eleventh Circuit recently denied a Certificate of Appealability. [R. 114, therein; *see also United States v. Derrick Reese*, No. 15-10920 (Sept. 11, 2015)]

## II.

In his § 2241 petition, Reese alleges that his trial attorney disregarded his instruction file a direct appeal of his criminal conviction, and that this failure violated his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. [Record No. 1, pp. 6-7][3] Reese next alleges that the district court calculated the wrong offense base level (arriving at a 24 rather than a 21 base offense level). [*Id*., p. 8] Finally, he contends that the district court improperly enhanced his sentence based on his prior felony convictions in violation of his Plea Agreement. [*Id*., pp. 7-8] To the extent that Reese challenges the district court's calculation of the term of his prison sentence, he appears to be alleging that he was denied his right to due process of law, as guaranteed by the Fifth Amendment of the U.S. Constitution.

Reese seeks an order vacating his 188-month sentence and directing the district court to re-sentence him to a 77-79 month prison term. [*Id*., p. 8] According to the BOP's

---

civil proceeding. *Derrick Reese v. United States*, No. 6:15-CV-15-BAE-GRS (S. D. Ga. 2015) [R. 1, therein]. On February 24, 2015, the Magistrate Judge issued a separate R & R concluding that Reese's construed third § 2255 motion, like his construed second § 2255 motion, was unauthorized; that his third § 2255 motion should be denied for that reason; and that Reese would not be permitted to file additional unauthorized successive § 2255 motions. [R. 3, therein; also docketed as R. 103 in Reese's criminal proceeding]. On April 1, 2015, the district court adopted the R & R of February 24, 2015, and dismissed Reese's construed third § 2255 motion. [R. 5, therein; Judgment, at R. 6; also docketed as R. 111 and R. 112 in Reese's criminal proceeding]

[3] Reese states, "[w]hy must the court assume attorneys are telling the truth and prisoners are not, attorneys lie all the time." [*Id*.]

website, Reese's projected release date from federal custody is December 29, 2022. *See* http://www.bop.gov/inmateloc/ (last visited on September 23, 2015).

### III.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes.

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted).

In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Here, Reese is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. Instead, he contends that his counsel failed to file a direct appeal of his criminal conviction, and that the district court improperly calculated the applicable base offense level, improperly considered his prior felony convictions, and imposed a grossly

excessive sentence. Reese, therefore, is challenging the constitutionality of his sentence on Fifth and Sixth Amendment grounds, under § 2241 via the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for asserting these claims.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief. *Id.* at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Reese has not carried that burden in this § 2241 proceeding. Reese argued in his first § 2255 motion that his trial attonrey had rendered ineffective assistance by failing to file a timely direct appeal of his criminal conviction. In his R & R, the Magistrate Judge fully addressed this argument, but ultimately rejected it as devoid of merit and determined that Reese's § 2255 motion was time-barred. The district court adopted the R & R and denied Reese's first § 2255 motion. On appeal, Reese fared no better. The Eleventh Circuit Court of Appeals denied him a certificate of appealability. Reese then unsuccessfully attempted to pursue the same Sixth Amendment/ineffective assistance of counsel claims in two successive

§ 2255 motions (albeit disguised as other pleadings).  Again, however, the district court rejected those filings as unauthorized successive § 2255 motions.

In his current § 2241 petition, Reese reasserts the same Sixth Amendment ineffective assistance claims which he previously -- but unsuccessfully -- raised in his first, untimely § 2255 motion.  But as *Charles* dictates, Reese cannot use § 2241 to recycle the same claims which he previously advanced in a § 2255 motion.  Again, the Court notes that § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255.  *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

Regarding the other claims asserted in his § 2241 petition (*i.e.*, that the district court improperly calculated his base offense level under the federal sentencing guidelines, and that it improperly enhanced his sentence based on his prior felony convictions), Reese did not assert these arguments in a timely filed § 2255 motion.  Further, in the untimely § 2255 motion which Reese filed on May 26, 2011, Reese did not assert *any* Fifth Amendment sentencing challenges.  The *only* claims asserted in that belated § 2255 motion were Sixth Amendment claims alleging ineffective assistance of counsel.[4]  Because Reese did not assert his two sentencing claims in a timely filed § 2255 motion, he cannot demonstrate that his

---

[4] In his first § 2255 motion, Reese stated:

> COMES NOW DERRICK REESE, the petitioner in the above captioned civil matter and petition this court, pursuant to 2255(f)(4), to reinstate petitioner's right to a direct appeal.  The premise of this request is that counsel failed to file a direct appeal on petitioner's behalf when requested to do so."

*United States v. Reese*, No. 6:09-CR-35 (S. D. Ga. 2009) [R. 67, p. 1, therein].

remedy under § 2255 as to those claims was inadequate or ineffective to challenge his federal detention. Thus, *Charles* precludes Reese from asserting these two sentencing challenges for the first time in a § 2241 petition.

A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). Even if *Charles* did not bar consideration of the two sentence challenges, Reese still fails to assert a valid claim of actual innocence because he does not allege that he is actually innocent of the drug offense of which he was convicted; he challenges *only* the amount of time which he was ordered to serve in prison. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has not extended the savings clause to § 2241 petitioner who challenges only the enhancement of his sentence. Instead, it has repeatedly held that "[c]laims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's

challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim.").

Because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their *sentences*, Reese has not alleged a valid actual innocence claim. Finally, Reese does not assert a cognizable actual innocence claim because he points to no case that is based upon a new rule of law made retroactive by a Supreme Court case.

**IV.**

Reese has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the drug offense of which he was convicted. Because Reese is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed. Accordingly, it is hereby

**ORDERED** as follows:

1. Derrick Reese's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This § 2241 habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 2nd day of October, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge